**In re Petition for DISCIPLINARY ACTION AGAINST Brian J. PETERSON, an Attorney at Law of the State of Minnesota.**

No. CX–00–2049.

Supreme Court of Minnesota.

April 3, 2003.

ORDER

The above-entitled matter came on for hearing before the court sitting en banc on April 3, 2003. The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Brian J. Peterson has committed professional misconduct warranting public discipline. The petition alleged, and the referee agreed, that Peterson filed an attorney's lien against a client's homestead with a fabricated waiver of the homestead exemption in violation of Minn. R. Prof. Conduct 1.8(j), 3.1, 3.4(b), 8.4(c) and 8.4(d). On October 25, 2002, the referee recommended that Peterson be suspended indefinitely for these violations with the right to apply for reinstatement no earlier than February 1, 2003.

Peterson was suspended on February 1, 2001 for an earlier disciplinary infraction, with eligibility to apply for reinstatement six months from that date. Peterson did not apply for reinstatement, and the ongoing investigation, hearings, and appeal in this matter has resulted in a 26–month suspension for Peterson.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. The findings of the referee are affirmed, and Peterson's conduct is in violation of Minn. R. Prof. Conduct 1.8(j), 3.1, 3.4(b), 8.4(c) and 8.4(d).

2. The recommendations of the referee as to the length of Peterson's suspension are affirmed.

3. As the referee recommended that Peterson remain suspended "until at least February 1, 2003," and that date is already past, Peterson is immediately eligible to petition for reinstatement pursuant to Rule 18, Rules on Lawyers' Professional Responsibility (RLPR).

4. The decision to grant or deny the reinstatement request shall be expedited. Should the Director determine that a panel hearing is necessary, as permitted by Rule 18(c), RLPR, such hearing shall take place no more than 30 days after Peterson's application for reinstatement.

5. If Peterson has already successfully completed the professional responsibility portion of the bar examination pursuant to Rule 18(e), RLPR, subsequent to being suspended on February 1, 2001, he is not required to take the examination again. If he has not successfully completed the examination, he shall have twelve months to complete it successfully.

6. So as not to delay the reinstatement process, this order is issued with an opinion to follow.

BY THE COURT:

/s/Kathleen A. Blatz
Chief Justice