**In re PETITION FOR DISCIPLINARY ACTION AGAINST Brian J. PETERSON, an Attorney at Law of the State of Minnesota. (No. CX–00–2049),**

**and**

**In re Petition for Reinstatement of Brian J. Peterson, a Minnesota Attorney, Registration No. 85625. (CX–03–221).**

Nos. CX–00–2049, CX–03–221.

Supreme Court of Minnesota.

May 2, 2003.

O R D E R

PER CURIAM.

This court indefinitely suspended respondent/petitioner Brian J. Peterson (petitioner) from the practice of law on February 1, 2001, with no right to petition for reinstatement for six months. *In re Peterson,* 620 N.W.2d 29 (Minn.2000) (No. CX–00–2049). On June 14, 2002, the Director of the Office of Lawyers Professional Responsibility filed a second petition for disciplinary action alleging that petitioner filed an attorney's lien against a client's homestead using an altered waiver of the homestead exemption and handled client funds while suspended in violation of Minn. R. Prof. Conduct 1.8(j), 3.1, 3.4(b) and (c), 5.3(c), 8.1(a)(1), and 8.4(c) and (d), and Rule 26, Rules on Lawyers Professional Responsibility (RLPR).

---

The court appointed a referee to conduct a hearing on the matters raised in the June 14, 2002, petition. In findings of fact, conclusions and recommendation as to discipline filed November 1, 2002, the referee found that petitioner had engaged in the alleged misconduct and recommended that his existing suspension continue until at least February 1, 2003.

On April 3, 2003, this court heard oral argument on the referee's findings, conclusions, and recommendation. On April 4, 2003, the court filed an order adopting the referee's findings, his conclusion that petitioner's conduct violated Minn. R. Prof. Conduct 1.8(j), 3.1, 3.4(b), 8.4(c) and 8.4(d), and his recommendation that petitioner remain suspended until at least February 1, 2003, with an opinion to follow. *See In re Peterson,* 658 N.W.2d 875, 875 (Minn.2003) (No. CX–00–2049). Because February 1, 2003, had already passed, the court also ordered that petitioner could petition for reinstatement immediately. *Id.*

In fact, on February 3, 2003, petitioner had filed a petition for reinstatement from his earlier suspension. Subsequent to the court's April 4 order, the parties entered into a stipulation in which they state that petitioner has complied with all conditions for reinstatement and jointly recommend that petitioner be reinstated to the practice of law without further hearing and that he be placed on supervised probation for two years subject to the following conditions:

a. Petitioner shall cooperate fully with the Director's Office in its efforts to *monitor compliance with this probation* and promptly respond to the Director's correspondence by the due date. Petitioner shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, petitioner shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Petitioner shall abide by the Minnesota Rules of Professional Conduct (MRPC).

c. Petitioner shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Until a supervisor has signed a consent to supervise, petitioner shall on the first day of each month provide the Director with the documents and information described in paragraph d. below. Petitioner shall make active client files available to the Director upon request.

d. Petitioner shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Petitioner shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Petitioner shall provide the supervisor with copies of all homestead liens and homestead lien waivers. Petitioner shall notify his supervisor of any fee dispute with his client and consult with his supervisor regarding his billing time sheets and the appropriate resolution of the dispute. Petitioner's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

e. Within thirty days from the execution of this stipulation, petitioner shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that petitioner is in compliance with probation requirements. Petitioner shall provide progress reports as requested.

f. Petitioner shall maintain law office and trust account books and records and business account books and records in compliance with Minn. R. Prof. Conduct 1.15, and Lawyers Professional Responsibility Board Amended Opinion No. 9. Such books and records shall be made available to the Director within thirty days of the approval of this stipulation and thereafter shall be made available to the Director at such intervals as he deems necessary to determine compliance. Trust account books and records shall include the following: client subsidiary ledger, checkbook register, monthly trial balances, monthly trust account reconciliation, bank statements, canceled checks, duplicate deposit slips and bank reports of interest, service charges and interest payments to the Lawyers Trust Account Board. Law office books and records shall include business account check register, canceled checks, duplicate deposit slips, bank statements, billing statements, and a general ledger showing income and expenses from the practice of law.

g. Petitioner shall continue his practice of obtaining written retainer agreements and of submitting all client fee disputes to no-cost or low-cost fee arbitration.

h. Upon reinstatement petitioner shall pay his annual attorney registration fee and comply with any subsequent order of this Court.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that petitioner Brian J. Peterson is reinstated to the practice of law, effective upon payment of his attorney registration fee, and is placed on supervised probation for two years, subject to the agreed-upon conditions set forth above. Petitioner shall pay to the Director the sum of $900 in costs and disbursements pursuant to Rule 24,

RLPR, payable within a reasonable period of time after petitioner resumes the practice of law, as determined by the Director. Under the circumstances of this case, taxation of additional disbursements sought by the Director in No. CX–00–2049 is denied. Because we accept the parties' stipulation and recommendation for immediate restatement, no opinion will follow the April 4, 2003, order issued in No. CX–00–2049.